**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

MOHAMED HAYI,

Petitioner,

v. Case No. 1:26-cv-01486 KWR-DLM

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director, Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING MOTION TO ENFORCE**

THIS MATTER comes before the Court on Petitioner's Motion to Enforce Judgment (Doc. 12). The Court granted in part Petitioner's habeas petition and ordered Respondents to hold an individualized bond hearing. Respondents held an individualized bond hearing before an immigration judge, who denied bond or release, finding that Petitioner is a flight risk. Now, Petitioner requests that the Court enforce its judgment and order his release. Petitioner asserts that (1) the immigration judge violated due process by failing to place the burden of showing flight risk on the Government and (2) immigration judges are no longer neutral arbiters. For the reasons stated below, the Court **DENIES** Petitioner's Motion.

**BACKGROUND**

Petitioner is a citizen of Ethiopia in ICE detention at the Torrance County Detention Center. He asserts he entered the United States on March 30, 2023. Petitioner asserts that he was released on recognizance under 8 U.S.C. § 1226(a) on April 2, 2023. However, he asserts he was detained by Respondents on January 16, 2026. Respondents provided evidence that he was arrested pursuant to a warrant.

The Court ordered Respondents to hold a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge. The immigration judge held a bond hearing and denied relief, stating that he was a flight risk. *See* Doc. 12 at 80 ("Court finds Respondent to be a flight risk not mitigatable through the imposition of a bond.").

**DISCUSSION**

Initially, the Court concludes it lacks jurisdiction to the extent he challenges the flight risk determination. The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of § 1226. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an immigration judge's discretionary bond decision. Under § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the

extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction."). The Supreme Court explained that "§ 1226(e) precludes an alien from challenging a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Jennings*, 583 U.S. at 296 (cleaned up). However, it "does not preclude challenges to the statutory framework that permits the alien's detention without bail." *Id.* (cleaned up). Here, Petitioner clearly challenges the immigration judge's discretionary bond decision, which is barred by § 1226(e). He asserts that the evidence was sufficient to show he is not a flight risk.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (unpublished).

Petitioner primarily asserts that the immigration judge failed to shift the burden at the bond hearing to the Respondents. He asserts that this constituted a due process violation. But the Court did not order such relief in its habeas order. Petitioner cites to no evidence, such as a transcript, that the immigration judge placed the burden on Petitioner. Alternatively, Petitioner did not demonstrate in his Petition why the Court should shift the burden. Petitioner does not request that the Court reconsider its order or judgment and he does not attempt to file an amended petition. Because Petitioner did not demonstrate that he was entitled to such relief in his Petition, and the Court did not order such relief, Respondents complied with the Court's order.

Alternatively, the record before the Court does not demonstrate that Petitioner is entitled to burden-shifting. Petitioner asserts that his procedural due process rights were violated because the immigration judge failed to place the burden of proof on the Government to show flight risk and dangerousness. As this Court has previously explained in *Montero Cordova*, due process does not require that the burden be placed on the Government. The Court adopts and incorporates herein its reasoning in *Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *12-15 (D.N.M. Mar. 30, 2026) and denies Petitioner's due process claim based on burden-shifting. As explained in *Montero Cordova,* the *Mathews* factors do not warrant shifting the burden at any bond hearing to the Government under the circumstances of this case. And Petitioner did not demonstrate in his Petition[1] that a due process violation requires the Court to shift the burden on the Government at any bond hearing.

Section 1226(a), at issue here, does not mention the burden of proof. It states in part: "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(a) gives Respondents discretion to detain, release on bond, or parole a noncitizen. Generally, the release or bond decision is discretionary. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). The text of § 1226(a) does not place the burden on the Respondents to justify detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (noting that "[n]othing in § 1226's text ... supports

[1] The Court did not order burden-shifting in its habeas order. And Petitioner does not request that the Court set aside its judgment under Rule 59(e).

the imposition" of "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary").

Although the plain language of the statute fails to clarify who bears the burden, relevant regulations provide the following:

> Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.

8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8) (2026). The phrase "provided that the alien must demonstrate to the satisfaction of the officer" indicates that the noncitizen bears the burden. This interpretation aligns with BIA precedent that found that the burden is on the noncitizen. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) ("The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond."); *see also In re Adeniji*, 22 I. & N. Dec. 1102, 1116 (B.I.A. 1999) ("Pursuant to 8 C.F.R. § 236.1(c)(8), the [noncitizen] must demonstrate that his release would not pose a danger to property or persons, and that he is likely to appear for any future proceedings."). Therefore, the regulations place the burden on the noncitizen.

The Supreme Court has touched on burden allocation under § 1226(a), but it has merely noted that the text does not indicate when each party should bear the burden. *See Jennings*, 583 U.S. at 306 (noting that "[n]othing in § 1226's text ... supports the imposition" of "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary").

In analyzing a procedural due process claim the Court must examine the adequacy of the procedure to ensure that the deprivation meets the demands of the Constitution. *See Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In determining what process is due, the Court considers (1) "the private interest that will be affected by the official action," (2) "the risk of an

erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Here, Petitioner failed to analyze his procedural due process claim or cite to the *Mathews* factors in his Motion, therefore he failed to carry his burden. In the alternative, the Court would not shift the burden, as explained below. Petitioner has already received a bond hearing under § 1226(a), and he does not demonstrate that he is entitled to further process such as release or a bond hearing with the burden shifted.

The first *Mathews* factor considers the private interest at stake. Petitioner's basic interest in being free from detention is at stake. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (finding that freedom from detention is "the most elemental of liberty interests"). However, Petitioner has already received the procedures authorized by Congress, a bond hearing under § 1226(a) where an immigration judge concluded he was a danger. As explained above, § 1226(a) does not place the burden on the Government, and the regulations place the burden on the Petitioner. Overall, this factor weighs in his favor.

The second *Mathews* factor considers the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards. Here, Petitioner received a bond hearing under § 1226(a), at which the immigration judge concluded he was a flight risk. Petitioner asserts that there is a risk of erroneous deprivation because evidence suggests he is neither a flight risk nor a danger.

Whether the Court would make the same detention decision is not at issue in this case. Petitioner already received the fundamental features of due process—notice and an opportunity to

be heard. *See Mathews*, 424 U.S. at 333, 96 S.Ct. 893 ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " (citations omitted)). Moreover, a bond hearing under § 1226(a) is generally a sufficient process to mitigate the risk of erroneous deprivation. *See, e.g., Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022). Therefore, Petitioner has failed to carry his burden under the second factor to show a risk of erroneous deprivation of his rights.

The final *Mathews* factor considers the "Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. When considering the Government's interest, the Supreme Court has instructed that "it must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Detention has been deemed a valid part of sovereign prerogative "necessary to give effect to the provisions for the exclusion or expulsion of aliens." *Wong Wing v. United States*, 163 U.S. 228, 235 (1896). The Court recognizes that "[o]ver no conceivable subject is the legislative power of Congress more complete." *Reno v. Flores*, 507 U.S. 292, 305 (citation modified). Thus, the Government's interest in enforcing its immigration policies is considerable.

Here, Petitioner does not analyze the third factor. Although the fiscal and administrative burdens of a burden-shifting requirement would likely be minimal, the legislature's silence on a burden-shifting requirement indicates that any judicially imposed burden-shifting requirement here would be displacing a congressional policy choice that the burden remain with Petitioner. *See E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 52 (2025) ("Statutory silence is generally 'inconsistent with the view that Congress intended to require a special, heightened standard of proof.' " (quoting

*Grogan v. Garner*, 498 U.S. 279, 286 (1991))). Thus, the significant weight afforded to the executive and legislature over immigration matters renders the third *Mathews* factor favorable to Respondents. Respondents also have a strong interest in detention while the removal proceedings are pending. *Miranda v. Garland*, 34 F.4th 338, 364-65 (4th Cir. 2022). Removal proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character." *Wong Wing v. United States*, 163 U.S. 228 (1896). Thus, the Respondents' interest here is strong.

Balancing the *Mathews* factors, the Court concludes that Petitioner is not entitled to a bond hearing where the Respondents bear the burden of showing he is a flight risk or danger. In sum, Petitioner has not argued or demonstrated a risk of erroneous deprivation if the burden of proof were not shifted to Respondents at a bond hearing. Moreover, he did not account for the Respondents' substantial interest in detention pending removal proceedings. Considering the *Mathews* factors and Petitioner's arguments, the Court concludes that Petitioner has not demonstrated that he is entitled to burden-shifting at an additional bond hearing.

Petitioner also generally asserts that immigration judges are no longer neutral arbiters. Petitioner has not submitted sufficient evidence for the Court to make the extreme finding that immigration judges are categorically no longer neutral arbiters. Moreover, Petitioner does not connect this argument to his bond hearing or establish that *his* bond hearing was not conducted by a neutral arbiter.

**CONCLUSION**

Having reviewed the record before the Court, the Court finds that the Court lacks jurisdiction to review the flight risk determination at the bond hearing. Petitioner has not demonstrated that the immigration judge committed a constitutional violation at the hearing.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Enforce (Doc. 12) is **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE